## THE VICTORY.

Before this court can entertain jurisdiction to review a judgment of the State court, it must appear that one of the questions mentioned in the twenty-fifth section of the Judiciary Act was raised in the State court, and *actually* decided by it; that is to say, the question must have received the consideration or attention of the court. It is not sufficient that this court can see that it *ought* to have been raised, and that it might have been decided.

ERROR to the Supreme Court of the State of Missouri.

The twenty-fifth section of the Judiciary Act provides that a final judgment in the highest court of a State where is drawn in question the validity of a statute of any State, on the ground of its being repugnant to the Constitution of the United States, and the decision *is in favor* of such validity. may be re-examined in this court.

With this law in force, and under a statute of the State of Missouri, which authorized apparently a proceeding *in rem* against vessels for supplies furnished to them, Boylan filed a petition in one of the State courts of Missouri against the Steamboat Victory (which was made defendant to the suit), for supplies furnished in her home port at the request of her owner, and for which he claimed a lien on the vessel to the amount of $4214. The items of the account were set forth in a bill of particulars accompanying the petition, and the plaintiffs prayed for a warrant of seizure, on judgment, and for sale of the boat to satisfy their claim.

The owner of the vessel appeared and filed an answer, in which he admitted $500 of the claim to be due, and to be a lien on the boat, but denied that any other items or amounts

were due or owing by the boat, or that they were a lien thereon. Testimony was also taken which showed that the contest was about the amount due, and the date at which some of it ceased to be a lien. But there was apparently nothing in the answer, or in the testimony, or in the instructions asked or given to the jury, from which an inference could be drawn, that it was denied that supplies of the character set forth were a lien on the vessel to which they were furnished, or that the statute which gave the lien was asserted to be void, or that the jurisdiction of the court to enforce it was controverted.

The State court ordered the vessel to be sold; and this judgment having been affirmed in the Supreme Court of the State, the case was brought here as within the twenty-fifth section of the Judiciary Act above quoted, and with a view of reversing that judgment; the ground of the expected reversal being, of course, that the case was one of admiralty cognizance, and was therefore exclusively within the jurisdiction of the District Courts of the United States; and because the statute of Missouri, which authorized the proceeding in the State court, was for that reason unconstitutional.

*Mr. Wills* now moved to dismiss the writ, on the ground that the record did not show that the question mentioned in the twenty-fifth section of the Judiciary Act was presented to, or decided by, the State court.

*Mr. Dick* opposed the motion, citing the cases of *Craig* v. *The State of Missouri*,\* and of *The Bridge Proprietors* v. *The Hoboken Company*,† to show that it was not necessary that it should appear by express intendment that the question was decided, and arguing that as the authority of the State court rested wholly on the State statute, the validity of the statute was of necessity a point in judgment, and of course was passed on favorably to such validity.

The question of admiralty jurisdiction, and of the consequent validity of the State statute, he argued, was therefore

---

\* 4 Peters, 410.　　　　　　　　　　† 1 Wallace, 116.

completely before this court, and he asked that this court would decide it.

Mr. Justice MILLER delivered the opinion of the court.

The question which we are asked to decide—viz., whether such a case as this is one of admiralty cognizance, and is therefore exclusively within the jurisdiction of the courts of the United States, and whether the statute of Missouri, which authorized the proceeding, is for that reason void,—is an interesting one, and if it had been raised and decided in the court from which the record comes, we would be bound to decide it here. But we do not think it is a fair inference, from that record, that the question was presented to the court or was decided by it.

It has been repeatedly held by this court, that before it can entertain jurisdiction to revise the judgment of a State court, the point which we are called upon to review must have been raised, and must have been decided adversely to the plaintiff in error. This is so well established that it would be a useless labor to cite authorities to sustain it.

It is true we have said this need not appear by express averment, but if the record shows by necessary intendment that the point was decided, it is sufficient, and the cases of *Craig* v. *The State of Missouri*, and *The Bridge Proprietors* v. *The Hoboken Company*, are cited to sustain the proposition. It is one which does not need support. It is fully conceded.

But we are of opinion that it must appear that the point mentioned in the Judiciary Act was *actually* decided in the State court, that it received the consideration of the court, and it is not sufficient, that now, on fuller examination, with the aid of counsel here, we can see that it was a point which ought to have been raised, and which might have been decided. In the case of *The Bridge Proprietors* v. *The Hoboken Company*, cited by counsel for plaintiff, the court recites with approbation the following language from the previous case of *Crowell* v. *Randell :** "It is not sufficient to show that the question might have arisen or been applicable to the case,

---

* 10 Peters, 368.

unless it is further shown by the record that it did arise, and was applied by the State court to the case."

It is insisted that inasmuch as the authority of the State court rests solely on the State statute, the validity of that statute was necessarily a point in its judgment, but it would contradict the experience of all who are familiar with courts to assume that every time a court acts under a statute, the validity of the statute or the jurisdiction of the court, receives its consideration.   This is rarely so, unless the question is raised by one of the parties and called to the attention of the court.

The presumption from this record is entirely the other way.   The defendant in his pleading admits impliedly the jurisdiction of the court, the validity of the statute, and the existence of the lien.   He only denies that the full amount claimed is due, and no other question is raised or suggested by the bill of exceptions.   Nor does it appear that any other question was raised in the Supreme Court of the State than that which was considered by the inferior court.   There was, therefore, no occasion for the court to consider the question raised here by counsel.

WRIT OF ERROR DISMISSED.